FILED BY WMB D.C.

JAN 23 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CALVIN DARVILLE,

Plaintiff, pro se,

v.

NAVY FEDERAL CREDIT UNION,

Defendant.

_____

AMENDED COMPLAINT

_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CV-14459-SMM

**CALVIN DARVILLE,**

Plaintiff, pro se,

v.

**NAVY FEDERAL CREDIT UNION,**

Defendant.

## AMENDED VERIFIED COMPLAINT

### I. INTRODUCTION

1. This is a civil action arising from Defendant Navy Federal Credit Union's improper servicing of Plaintiff's consumer credit card account, including restricting account access while accepting payments, continuing negative credit reporting, rejecting tender, and engaging in collection activity.

2. Plaintiff seeks relief for breach of contract, unjust enrichment, and dishonor of lawful tender arising from Defendant's conduct beginning in or about May 2023 and continuing through the present.

### II. PARTIES

3. Plaintiff Calvin Darville is a natural person who brings this action pro se.

4. Defendant Navy Federal Credit Union is a federally chartered credit union that provides consumer credit card services and conducts business within this judicial district.

### III. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law governing consumer credit reporting, lawful tender, and related contractual obligations.

6. Venue is proper in this district because Defendant conducts business in this district and the events giving rise to Plaintiff's claims occurred here.

**IV. FACTUAL BACKGROUND**

7. Plaintiff opened a consumer credit card account with Defendant on or about June 10, 2021, with an approved credit limit of $15,000.

8. Plaintiff used the account and made payments beginning in July 2021, including a payment on or about July 6, 2021 in the amount of approximately $63, followed by additional payments thereafter.

9. In or around March 2023, Plaintiff missed a scheduled payment.

10. Defendant reported the account as 30 days past due as of April 30, 2023, as reflected in Plaintiff's consumer credit report.

11. By May 2023, Defendant restricted the account to payment-only status and disabled Plaintiff's ability to use the credit card.

12. Defendant did not restore account access after imposing the restriction and maintained the account in a restricted or closed status thereafter.

13. In May 2023, Plaintiff contacted Defendant and enrolled in a hardship payment program offered by Defendant.

14. Plaintiff made the first hardship payment on June 21, 2023, in the amount of $300, and continued making payments under the hardship program through June 2024.

15. Plaintiff continued making payments after the hardship program ended, including a payment on or about July 21, 2025, in the amount of $150.

16. Despite accepting Plaintiff's payments from June 2023 through July 2025, Defendant never restored account access.

17. Beginning in or around April 2023, Defendant reported the account as delinquent to consumer reporting agencies, including reporting the account as 30 days past due as of April 30, 2023, and subsequently reporting the account as 120 days past due and closed in or around May 2023, while continuing negative reporting thereafter.

18. On or about August 26–27, 2025, Defendant sent written correspondence stating the account was 60 days past due, applying a penalty APR, and identifying the account as closed.

19. Plaintiff submitted formal tenders of payment beginning on or about October 6, 2025, which were mailed via certified mail on October 8, 2025.

20. Defendant refused to accept or process Plaintiff's tenders of payment.

21. Defendant issued written denials rejecting Plaintiff's tenders.

22. Defendant continued collection activity, including correspondence dated December 2, 2025, stating the account was past due and eligible for settlement.

23. Defendant's collection efforts and negative credit reporting have continued through December 2025 and into the present.

## V. COUNT I — BREACH OF CONTRACT

24. Plaintiff realleges and incorporates by reference ¶¶1–23 as if fully set forth herein.

25. Plaintiff and Defendant entered into a valid consumer credit card agreement governing the issuance, use, servicing, and payment of the account.

26. Plaintiff performed under the agreement by using the account and making payments, including payments made under a hardship program and thereafter.

27. Defendant breached the agreement by, among other things:

a. Restricting the account to payment-only status while continuing to accept payments;

b. Failing to restore account access despite Plaintiff's continued payments;

c. Continuing negative credit reporting after restricting or closing the account; and

d. Failing to properly service the account in good faith.

28. Defendant's breaches deprived Plaintiff of the benefit of the bargain and caused financial and reputational harm.

## VI. COUNT II — UNJUST ENRICHMENT

29. Plaintiff realleges and incorporates by reference ¶¶1–28 as if fully set forth herein.

30. Plaintiff conferred a benefit upon Defendant by making payments on the account after access was restricted.

31. Defendant knowingly accepted and retained those payments while denying Plaintiff's ability to access or use the account.

32. Defendant's retention of Plaintiff's payments under these circumstances is inequitable and unjust.

33. Plaintiff is entitled to restitution of amounts wrongfully retained by Defendant.

### VII. COUNT III — DISHONOR OF LAWFUL TENDER

34. Plaintiff realleges and incorporates by reference ¶¶1–33 as if fully set forth herein.

35. Plaintiff submitted lawful tenders of payment to Defendant beginning in or around October 2025.

36. Defendant refused to accept or process Plaintiff's tenders and issued written denials.

37. Defendant's refusal caused additional financial and reputational harm to Plaintiff.

### VIII. DAMAGES

38. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including, but not limited to:

a. Damage to credit score and creditworthiness;

b. Inability to obtain new credit and financial opportunities;

c. Continued balances, penalty interest, and collection activity despite payments; and

d. Reputational and emotional harm.

39. Plaintiff seeks compensatory damages, restitution, costs, and such other relief as the Court deems just and proper, in an amount to be proven at trial.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award compensatory damages in an amount to be proven at trial;

C. Order restitution of amounts unjustly retained by Defendant;

D. Award costs and such other and further relief as the Court deems just and proper.

## X. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: 1/23/26

_____

Calvin Darville

Plaintiff, pro se