**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-14459-CIV-CANNON/MAYNARD**

**CALVIN DARVILLE,**

**Plaintiff,**

**v.**

**NAVY FEDERAL CREDIT UNION,**

**Defendant.**
_______________________________________/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before me on Defendant Navy Federal Credit Union's Motion to Dismiss Plaintiff's Second Amended Complaint. DE 28. Plaintiff has filed a Response in Opposition. DE 33. No reply was filed.

Presiding U.S. District Judge Aileen M. Cannon has referred the Motion to Dismiss to me for recommended disposition. DE 32. For the reasons stated below, I respectfully recommend that Defendant's Motion to Dismiss be **GRANTED** and Plaintiff's Second Amended Complaint be **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Plaintiff Calvin Darville, proceeding *pro se*, initiated this action against Defendant Navy Federal Credit Union on December 29, 2025. DE 1. Plaintiff's original Complaint asserted claims for breach of contract, unjust enrichment, and declaratory relief arising from Defendant's alleged refusal to accept "lawful tenders of payment" and violation of Plaintiff's "secured party rights." DE 1 at 2. Plaintiff purported to bring the action "by and through his Agent, Darville, Calvin J." *Id*. at 1. Plaintiff simultaneously moved for leave to proceed *in forma pauperis* ("IFP"). DE 3.

On January 12, 2026, I dismissed Plaintiff's Complaint, finding that it failed to state a claim and instructing Plaintiff that a *pro se* litigant could not proceed through an agent. DE 8 at 2–3. Rather than dismissing the case with prejudice, I afforded Plaintiff an opportunity to cure the identified deficiencies and directed him to file an amended complaint by January 23, 2026. *Id.* at 4. I reserved ruling on Plaintiff's IFP motion. *Id.*

Plaintiff timely filed an Amended Complaint on January 23, 2026. DE 10. The Amended Complaint asserted claims for breach of contract, unjust enrichment, and "dishonor of lawful tender." DE 10 at 4–5. Unlike the operative pleading, the Amended Complaint contained substantial factual detail about Plaintiff's credit-card account and his dealings with Defendant. Among other things, Plaintiff alleged that he opened the account on or about June 10, 2021, with a $15,000 credit limit; missed a scheduled payment in March 2023; had his account reported thirty days past due as of April 30, 2023; had his account restricted to "payment-only" status by May 2023; enrolled in a hardship payment program; made a $300 hardship payment on June 21, 2023; continued making payments thereafter; and made an additional $150 payment on or about July 21, 2025. DE 10 ¶¶ 7–15.

On March 31, 2026, I again dismissed Plaintiff's pleading without prejudice. DE 11. I found that the Amended Complaint failed sufficiently to allege subject matter jurisdiction[1] and also constituted a shotgun pleading. DE 11 at 2–3. Once again, however, I afforded Plaintiff leave to amend, this time until April 15, 2026. *Id.* at 4. I denied Plaintiff's then-pending IFP motion without prejudice. *Id.* at 3.

[1] In dismissing that pleading, I explained that Plaintiff invoked federal question jurisdiction under 28 U.S.C. § 1331, but his claims for breach of contract, unjust enrichment, and "dishonor of lawful tender" did not arise under federal law or treaty. DE 11 at 2–3. The SAC now invokes diversity jurisdiction under 28 U.S.C. § 1332, alleging that Plaintiff is a citizen of Florida, Defendant is a citizen of Virginia, and the amount in controversy exceeds $75,000. DE 13 ¶ 6.

Plaintiff filed the operative Second Amended Complaint ("SAC") on April 10, 2026. DE 13. The SAC differs materially from the pleading it replaced. Plaintiff abandoned his claims for unjust enrichment and "dishonor of lawful tender" and now asserts a single claim for breach of contract. *Id*. at 2. He also removed nearly all of the detailed factual allegations described above. The SAC instead alleges, in general terms, that Plaintiff maintained a credit account with Defendant, "made payments on the account and attempted to remain in good standing," Defendant placed restrictions on the account and reported it delinquent, Plaintiff attempted to make payments and resolve the account status, and Defendant refused or failed properly to apply his payments. *Id.* ¶¶ 8–12, 18–24. Plaintiff alleges that this conduct breached Defendant's account agreement and caused him financial harm. *Id.* ¶¶ 18–25.

Plaintiff again sought leave to proceed IFP. DE 14. On May 6, 2026, I denied that request and directed Plaintiff to pay the $405 filing fee by June 3, 2026. DE 15. Plaintiff paid the filing fee on June 3, 2026, and a summons issued the same day. DE 16; DE 17. Defendant was served on June 15, 2026. DE 18.

Because Plaintiff was proceeding *pro se,* this action was initially assigned directly to the undersigned pursuant to Administrative Order 2025-11. *See* DE 6. After Defendant appeared, I issued an Order advising the parties regarding consent to magistrate judge jurisdiction and the opt-out procedure. DE 24. Plaintiff thereafter moved for reassignment to a United States District Judge. DE 27. On August 18, 2026, that request was granted, and the case was reassigned to U.S. District Judge Aileen M. Cannon. DE 29; DE 30.

Defendant filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 12, 2026. DE 28. On August 21, 2026, Judge Cannon referred Defendant's

Motion to Dismiss to me for a Report and Recommendation. DE 32. This matter is now ripe for review.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. In evaluating a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Twombly*, 550 U.S. at 555-56. To survive dismissal, a complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Id*. at 570. A claim is plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff need not detail all the facts on which his claim is based; rather, Rule 8(a)(2) requires only a short, plain statement giving the defendant fair notice of the claim and its grounds. *Twombly*, 550 U.S. at 555–56; *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). The allegations must, however, be enough to raise a right to relief above the speculative level. *Id*. The Federal Rules demand "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678. "Mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action will not do,' and a plaintiff cannot rely on 'naked assertions devoid of further factual enhancement.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (citation omitted). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

Because Plaintiff proceeds *pro se*, I construe his pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction, however, "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in

order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation and quotation marks omitted).

**DISCUSSION**

Defendant argues that the SAC should be dismissed because it fails to plead facts plausibly stating a breach of contract claim, fails to identify the contractual obligation allegedly breached, and appears to repackage the "lawful tender" theory, which Defendant characterizes as "sovereign citizen-esque," reflected in Plaintiff's earlier filings. *See* DE 28 at 1–8. Because I agree with Defendant's first two arguments and Plaintiff has had multiple opportunities to amend, I recommend dismissal with prejudice.[2]

**A. The SAC Does Not Plead Sufficient Facts to State a Plausible Breach-of-Contract Claim.**

Under Florida law, the elements of a breach-of-contract claim are (1) the existence of a valid contract; (2) a material breach of that contract; and (3) resulting damages. *Marchisio v. Carrington Mortg. Servs., LLC*, 919 F.3d 1288, 1313 (11th Cir. 2019) (quoting *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009)). Although Rule 8 does not require detailed factual allegations, it requires more than labels, conclusions, or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must contain enough factual matter to raise the plaintiff's right to relief above the speculative level and permit a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555–56, 570.

The SAC does not meet that standard. Plaintiff alleges that he had a credit account with Defendant, made or attempted to make payments, Defendant failed properly to apply those

[2] Defendant's characterization of Plaintiff's claim as "sovereign citizen-esque," DE 28 at 1, is based largely on Plaintiff's earlier pleadings and exhibits, which referred to "lawful tenders of payment," "secured party rights," and "dishonor of lawful tender." *See* DE 1 at 2; DE 10 at 4–5. I do not rely on those earlier allegations to determine whether the operative SAC states a claim. The SAC is the operative pleading, and the sufficiency of Plaintiff's present claim therefore must be measured against the factual allegations contained in it. Accordingly, I do not import the earlier "lawful tender" allegations or exhibits into the SAC to defeat Plaintiff's claim.

payments, Defendant restricted Plaintiff's account and reported it delinquent, and those acts breached the parties' agreement. DE 13 ¶¶ 8–24. But those allegations supply almost none of the factual content necessary to transform Plaintiff's conclusions into a plausible claim.

For example, Plaintiff does not allege what balance was due on his account at the relevant time; what payment or payments are actually at issue; when any disputed payment was made or tendered; how much Plaintiff attempted to pay; what form the payment took; whether Defendant rejected a payment, accepted but failed to credit it, or credited it in some allegedly improper manner; when Defendant imposed the alleged account restriction; what the restriction consisted of; what account status Plaintiff contends should have resulted had the payments been handled correctly; or what communications occurred between Plaintiff and Defendant about the disputed payments or account status. Nor does Plaintiff plead concrete facts explaining how Defendant's alleged conduct caused him financial harm. *See* DE 13 ¶¶ 8–25.

Instead, Plaintiff alleges that Defendant "owed Plaintiff a duty," "breached the contract," "fail[ed] to properly apply payments," "improperly restrict[ed] the account," and "violated the terms of its account agreement." DE 13 ¶¶ 19, 21–22. These are unsupported conclusions, not factual allegations describing what Defendant actually did and why it amounted to a breach. "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

Plaintiff's Response in Opposition does not address the deficiency. Plaintiff argues that the SAC sufficiently alleges that Defendant failed to apply payments Plaintiff made to his account and that the Court's task at this stage is not to decide whether Plaintiff ultimately can prove his allegations. DE 33 ¶¶ 6–7. The latter proposition is correct, but it does not relieve Plaintiff of the obligation to plead facts making the asserted breach plausible. Saying that Plaintiff "made

payments" and Defendant failed "properly" to apply them merely restates the disputed conclusion; it does not tell the Court what happened. The SAC therefore does not cross the line from a conceivable claim to a plausible one.

The SAC also fails to identify the contractual obligation Defendant allegedly breached. Plaintiff alleges that the parties' relationship was governed by Defendant's "account agreement and disclosure terms," DE 13 ¶ 18, and that Defendant owed Plaintiff a duty "under its account agreement and standard servicing practices to accurately process and apply payments," *id.* ¶ 19. But Plaintiff does not identify any contractual term requiring Defendant to treat the unidentified payments in the manner Plaintiff contends was required. As Defendant correctly points out, it "is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein L. Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015) (quoting *Harris v. Am. Postal Workers Union*, 198 F.3d 245 (6th Cir. 1999)). "Courts in the Eleventh Circuit regularly dismiss complaints that plead claims for breach of contract but fail to identify a provision of the contract that was allegedly breached." *Sec. Nat'l Ins. Co. v. City of Miami Beach*, No. 22-22357-CIV, 2023 WL 3198066, at *2 (S.D. Fla. May 2, 2023).

Plaintiff acknowledges that the SAC "does not expressly identify a particular payment provision by title or paragraph." DE 33 ¶ 20. He contends that the SAC nevertheless identifies the parties' contractual relationship and Defendant's alleged failure properly to apply payments. Id. ¶¶ 20–25. But that argument returns to the same problem described above: Plaintiff alleges that Defendant acted "improperly" without pleading either the facts showing what Defendant did or the contractual obligation against which that conduct can be measured. Even assuming Plaintiff adequately identified the governing agreement, the SAC still would fail because it does not allege

sufficient facts describing the alleged breach itself. *See, e.g.*, *Meadows Lake N. Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, No. 1:19-CV-24179-UU, 2019 WL 5432110, at *1 (S.D. Fla. Oct. 21, 2019) (dismissing complaint where conclusory allegations failed to identify what contractual provision was breached, how it was breached, how the breach caused injury, and what the injury was). The SAC therefore should be dismissed.

**B. Dismissal With Prejudice Is Warranted.**

The remaining question is whether Plaintiff should be afforded another opportunity to amend. A *pro se* plaintiff ordinarily must be given at least one chance to amend a deficient complaint before dismissal with prejudice. *Marshall v. Aryan Unlimited Staffing Solution*, 599 F. App'x 896, 898 (11th Cir. 2015). But a district court need not permit further amendment where, among other things, there has been a "repeated failure to cure deficiencies by amendments previously allowed" or amendment would be futile. *Id.* at 899.

Plaintiff has already received more than one opportunity to replead this action. His original Complaint was dismissed for failure to state a claim, and I expressly afforded him leave to cure the identified deficiency. DE 8 at 2–4. After Plaintiff filed an Amended Complaint, I again dismissed without prejudice and afforded Plaintiff another opportunity to amend. DE 11 at 2–4. The SAC is therefore Plaintiff's third attempt to plead a viable complaint.

More importantly, the present deficiency is not attributable merely to Plaintiff's *pro se* status or an inability to understand that factual allegations are required. Plaintiff's own prior pleading contained many of the concrete facts now absent from the SAC. The Amended Complaint identified when the account was opened, the credit limit, when Plaintiff became delinquent, when Defendant allegedly restricted the account, the nature of that restriction, Plaintiff's enrollment in a hardship program, and dates and amounts of particular payments. DE 10 ¶¶ 7–17. Plaintiff then

filed the SAC and removed those details. Thus, after receiving repeated opportunities to amend—and after demonstrating that he could allege the underlying factual chronology—Plaintiff elected to proceed on a pleading consisting largely of generalized assertions that he paid Defendant, Defendant failed properly to apply his payments, Defendant restricted his account, and Defendant thereby breached the parties' agreement. That is insufficient. Having demonstrated that he can plead the underlying chronology and factual detail, Plaintiff should not obtain yet another opportunity to amend by stripping the operative complaint of facts and replacing them with conclusory assertions.[3]

The Court need not provide unlimited opportunities to replead. Plaintiff has already received the opportunity ordinarily afforded to a *pro se* litigant and an additional opportunity beyond that. Despite those opportunities, his third pleading still does not allege a plausible claim, and the operative pleading affirmatively removes factual content that appeared in an earlier version rather than curing the deficiencies in the claim. Under these circumstances, an opportunity to amend is not warranted. I therefore recommend dismissal with prejudice.

**CONCLUSION**

Plaintiff's Second Amended Complaint fails to state a plausible claim for breach of contract, and Plaintiff has already received repeated opportunities to amend. I therefore

[3] It is also worth noting that Plaintiff has previously filed similar claims against financial institutions in this District. *See Darville v. J.P. Morgan Chase Bank*, Case No. 26-14012-Cannon/Mayanard (S.D. Fla.); *Caliville Enterprise v. J.P. Morgan Chase Bank, N.A.*, Case No. 26-14009-Cannon/Maynard (S.D. Fla.). *Darville* involved claims against a bank in connection with the denial of a loan application. There, I issued a comprehensive order explaining deficiencies in Plaintiff's pleading, including his failure to plausibly allege a breach-of-contract claim, and afforded him an opportunity to amend. *Darville* at DE 6. The action was ultimately dismissed for failure to prosecute. *Id.* at DE 13. *Caliville*, a case involving claims against a bank brought by a corporate entity affiliated with Plaintiff, was ultimately dismissed after the corporation failed to secure counsel. *Caliville* at DE 13. These prior proceedings further demonstrate that Plaintiff has previously received notice that his pleadings must satisfy governing legal requirements and an opportunity to cure identified deficiencies.

respectfully **RECOMMEND** that Defendant's Motion to Dismiss, DE 28, be **GRANTED** and that Plaintiff's Second Amended Complaint be **DISMISSED WITH PREJUDICE**.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five days of the date of this Report and Recommendation.**

The Clerk of Court is directed to **MAIL** a copy of this Order to Plaintiff at his mailing address of record and enter a Notice of Compliance confirming same.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 7th day of October, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE